LAWRENCE R. MCKAY,

                 Plaintiff,

vs.                               Case No. 2:12-cv-68-FtM-29SPC

SOUTH SEAS EAST CONDOMINIUM
APARTMENTS OF MARCO ISLAND, INC., a
Florida non-profit corporation,

                 Defendant.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Doc. #7) filed on March 1, 2012.[1] Plaintiff filed a response on March 14, 2012. (Doc. #10.)

As a preliminary matter, the Court notes that the complaint incorporates several documents by reference which are not attached to the pleading. In addition, the caption of the complaint lists "South Seas East Condominium Apartments of Marco Island, Inc., a

---

[1] The Court notes that the defendant has attached various documents to its motion to dismiss to demonstrate that the plaintiff did not provide the necessary documentation for the association to consider whether or not to extend an accommodation to the plaintiff. The Court declines to convert the motion to dismiss to a motion for summary judgment and will not consider these documents.

Florida non-profit corporation" as defendant although the body of the Complaint lists "South Seas East Condominium Association, Inc." as defendant.[2] (Doc. #1, ¶5.) Neither of these deficiencies affect the outcome of the motion to dismiss and therefore the motion will be considered by the Court. However, plaintiff is directed to file an amended complaint to remedy these deficiencies within seven days of the entry of this Opinion and Order.

I.

The complaint alleges the following: Plaintiff Lawrence R. McKay (McKay or plaintiff) is an owner of real property located at 601 Seaview Court, Building C-503 in Marco Island, Florida. The real property is located within the South Seas East Condominium Apartments. Plaintiff alleges that he is handicapped with physical impairments which substantially limit his ability to walk and maintain his balance. Due to his handicap and related health conditions, he requires the assistance of a service animal.[3] (Doc. #1, ¶¶ 1-3.) In or around March 2011, McKay made a formal request to South Seas East Condominium Association, Inc. (the Association)for permission to have a service dog reside with him.

---

[2]South Seas East Condominium Apartments of Marco Island, rather than South Seas East Condominium Association, Inc., filed the subject motion to dismiss and is the only party that the record reflects was served with the Complaint. (See Doc. #13.)

[3]The Complaint does not specifically state, but it is easily inferred from the allegations that the condominium association prohibits animals in the units.

(Id. at ¶11.) On or about March 10, 2011, the Association requested that the plaintiff provide additional information related to his request. On or about April 1, 2011, McKay responded to the Association by noting that the request for medical records was over broad and in excess of what was necessary to make a determination to provide him with an accommodation. On or about April 27, 2011, the Association acknowledged that the service dog's qualifications were not an issue but reiterated their request for McKay's medical information. (Id. at ¶¶12-14.)

On or about September 20, 2011, the Association filed a Non-Binding Arbitration Petition with the Department of Business and Professional Regulation, Division of Land Sales, Condominiums and Mobile Homes claiming that McKay was improperly keeping a dog within his unit and that the dog constituted a nuisance. McKay failed to file a timely response and a default was entered against him. Plaintiff filed a Motion to Set Aside the Default which was denied. (Id. at ¶¶17-18.)

Thereafter, on or about September 28, 2011, McKay's primary care physician provided a letter to the Association indicating that McKay required the use of a service dog. The letter further detailed that the service dog was necessary to assist McKay with balance to prevent falls, to assist plaintiff to get up after a fall, to guide him while walking, to turn lights on and off, and to

contact an emergency medical response service, if necessary. (Id. at ¶15.)

On January 5, 2012, the arbitrator entered the Final Order of Default dated January 10, 2012 which decreed that McKay shall permanently remove his dog from his unit and the Association's property by January 20, 2012. (Id. at ¶19.) Thereafter, on or about January 24, 2012, McKay's primary care physician provided an additional letter to the Association reiterating plaintiff's need for a service dog. The letter further indicated that no assistance device, walker, cane, or any other inanimate object could provide the assistance that a service dog provides. (Id. at ¶16.)

In two subsequent orders dated February 3, 2012, and February 6, 2012, respectively, the arbitrator granted the Association's Motion for Attorney's Fees and Costs and ordered McKay to reimburse the Association's attorney's fees and costs in the amount of $2,387.50. (Id. at ¶20.)

On February 2, 2012, plaintiff filed a four-count complaint alleging violation of the Federal Fair Housing Act of 1968, 42 U.S.C. § 3604, *et seq*. (Count I) and the Florida Housing Rights Act, Florida Statutes § 760.23, *et seq*. (Count II), seeking declaratory relief that he has a right to use his service dog (Count III) and a trial *de novo* of the arbitration proceedings pursuant to Florida Statutes § 718.1255 (Count IV).

Defendant seeks to dismiss plaintiff's Federal Fair Housing Act (FHA) and Florida Housing Rights Act claims pursuant to Fed.R.Civ.P.12(b)(6) for failure to state a claim upon which relief may be granted. The Association further contends that plaintiff's request for declaratory judgment is premature and should be dismissed. Finally, defendant asserts that if plaintiff's FHA claim is dismissed, the Court should not exercise supplemental jurisdiction over plaintiff's state law claim for a trail *de novo* of the arbitration proceedings.

II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007); <u>Christopher v. Harbury</u>, 536 U.S. 403 (2002); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." <u>James River Ins. Co. v. Ground Down Eng'g, Inc.</u>, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555–56(2007)). <u>See also</u> <u>Edwards v. Prime Inc.</u>, 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule—that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no

set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)—has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009). Dismissal is warranted under Fed.R.Civ.P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009–10 (11th Cir. 1992).

### III.

"The Florida Housing Rights Act contains statutory provisions that are substantively identical to the Federal Fair Housing Act." Loren v. Sasser, 309 F.3d 1296, 1299 n.9 (11th Cir. 2002). Therefore, the Court will consider the motion to dismiss these claims in tandem. See id. at 1302.[4]

Defendant contends that the plaintiff has failed to state a claim because he refused to supply any medical information to the Association that substantiated he had a disability. Defendant further contends that based upon plaintiff's own conduct, he failed

---

[4] The Court will analyze McKay's claims in the context of the FHA's provisions, but the discussion applies equally to McKay's claims brought under the Florida analogue.

to properly demonstrate that he is a qualified individual with a disability and therefore cannot establish a prima facie case for discrimination. Defendant also asserts that McKay failed to establish that his request for a service dog was reasonably necessary. Defendant asserts that the two letters written by the physician described in the Complaint were not provided to South Seas until January 9, 2012, after a default judgment had been entered by the arbitrator.[5] Finally, defendants contend that to date they have not refused the requested accommodation, but instead are abiding by the Final Default Judgment entered against McKay.

The FHA makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling because of that person's handicap. 42 U.S.C. § 3604(f)(2). Discrimination includes refusing to make reasonable accommodation in rules, policies, practices or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B).

---

[5] The Court notes that according to the Complaint the two letters were dated September 28, 2011 and January 24, 2012. Therefore, the January 24, 2012, letter could not have been received on January 9, 2012. Nevertheless, the Court must accept all well pleaded allegations as true, and therefore accepts the plaintiff's allegations that the Association received the physician's letters on September 28, 2011 and January 24, 2012, respectively.

To state a claim under 42 U.S.C. § 3604(f)(3)(B), a plaintiff must allege facts which show that: "(1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendant[] refused to make the requested accommodation." Alley v. Les Chateaux Condo. Ass'n, Inc., No. 8:10-cv-760-T-33TGW, 2010 WL 4739508 at *3 (M.D. Fla. 2010)(citing Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc., 347 F. App'x 464, 467 (11th Cir. 2009)). An individual is handicapped, for the purposes of the FHA, if the person has (1) a physical or mental impairment which substantially limits one or more of such person's major life activities[6], (2) a record of such impairment, or (3) is regarded as having such an impairment. 42 U.S.C. § 6302(h)(1)-(3).

Here, plaintiff has sufficiently alleged that he is handicapped for purposes of the FHA. Plaintiff contends that he has physical impairments which substantially limits one or more of his major life activities such as walking and maintaining his balance. (Doc. #1, ¶7.) He has also sufficiently alleged that he

---

[6]While the FHA does not define "major life activities" the term is defined in the Americans with Disabilities Act (ADA) as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. § 1630.2 (as amended by 76 F.R. 16978-01); see also McManus v. Cherry, 1:08-cv-0010, 2010 WL 5638108 at *4 (N.D. Fla. Nov. 19, 2010)(noting congressional intent that provisions of FHA related to disability be read similarly to provisions in ADA).

requested the accommodation of a service animal and that such a request was denied.

The Court also finds that plaintiff has sufficiently alleged that the requested accommodation was necessary to afford him the opportunity to use and enjoy his dwelling. The Eleventh Circuit has explained that a defendant "cannot be liable for refusing to grant a reasonable and necessary accommodation if [the defendant] never knew the accommodation was in fact necessary." U.S. v. Hialeah Housing Authority, 418 Fed. App'x 872 (11th Cir. 2011) citing Schwarz v. City of Treasure Island, 544 F.3d 1201, 1219 (11th Cir. 2008). "If a landlord is skeptical of a tenant's alleged disability or the landlord's ability to provide an accommodation, it is incumbent upon the landlord to request documentation or open a dialogue." Jankowski Lee & Assocs. v. Cisneros, 91 F.3d 891, 895 (7th Cir. 1996). "[T]he duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made. Defendants must instead have . . . the ability to conduct a meaningful review of the requested accommodation. . . ." Hialeah Housing Authority, 418 Fed. App'x at 876, citing Schwarz, 544 F.3d at 1219 (quotation marks omitted). "[F]or a demand to be specific enough to trigger the duty to provide a reasonable accommodation, the defendant "must have enough information to know of both the disability and desire for an accommodation, or circumstances must

at least be sufficient to cause a reasonable [defendant] to make appropriate inquiries about the possible need for an accommodation." Id. quoting Colwell v. Rite Aid Corp., 602 F.3d 495, 506 (3d Cir.2010) (quotation marks omitted).

According to the Complaint, prior to the initiation of the non-binding arbitration proceedings, the defendant did not have any documentation to put it on notice that the requested accommodation was reasonably necessary. Nevertheless, defendant was in receipt of sufficient documentation starting on September 28, 2011, when McKay provided the initial letter by his physician outlining his physical impairments and need for a service animal. Plaintiff thereafter supplemented this information on January 24, 2012. The Complaint was not filed until February 8, 2012, providing the defendants with a sufficient opportunity to conduct a "meaningful review of the requested accommodation." Hialeah Housing Authority, 418 Fed. App'x at 876.

Defendants, in essence, assert that the arbitrator's entry of a default judgment shields them from their obligations under the FHA. There is simply no support for this assertion. The arbitration was non-binding. In addition, the arbitrator did not consider whether or not plaintiff had a disability requiring the assistance of a service animal. Rather, the arbitrator simply determined whether plaintiff had an animal in his dwelling in violation of the Association's rules. The arbitrator's decision

simply cannot be used by the defendant to circumvent its obligation to consider a reasonable accommodation under the FHA. Finally, there is no case law to support the position that plaintiff's failure to initially provide the requested documentation when it was first requested waives or forfeits his rights under the FHA. Therefore, the Court finds that plaintiff has stated a claim for violation of 42 U.S.C. § 3604(f) and the motion to dismiss Counts I and II is denied.

The Court further denies defendant's request to dismiss Count III for declaratory relief. Defendants contend that they have not had the opportunity to properly respond to McKay's request and therefore the request for declaratory judgment is premature. As stated above, the allegations of the complaint sufficiently allege that defendants had the opportunity to meaningfully review plaintiff's request for an accommodation. Thus, Count III is not premature.

Finally, the defendant requested that if the Court dismissed the FHA claim, it should not exercise supplemental jurisdiction over Count IV, a state law claim. Because the Court denies the defendant's request to dismiss plaintiff's FHA claim, this request is also denied.

Accordingly, it is now

**ORDERED:**

1.  Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Doc. #7) is **DENIED**.

2.  Plaintiff shall file an amended Complaint within **seven (7) days** of the entry of this Opinion and Order to attach the exhibits incorporated by reference in the Complaint and properly identify the defendant(s) in this matter.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of July, 2012.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record